UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**STABIL CONCRETE PAVERS, LLC,**

    **Plaintiff,**

**v.**                                                           Case No: 8:25-cv-106-MSS-AEP

**ALLIED PROPERTY & CASUALTY INSURANCE COMPANY,**

    **Defendant.**

## ORDER

**THIS CAUSE** comes before the Court for consideration of Defendant Allied Property & Casualty Insurance Company's Motion to Dismiss Counts II and III of Plaintiff's Complaint, (Dkt. 6), and Plaintiff Stabil Concrete Pavers, LLC's response in opposition. (Dkt. 11) Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **GRANTS IN PART and DENIES IN PART** Defendant's Motion.

    **I.**    **BACKGROUND**

This case involves an insurance coverage dispute between Plaintiff, a manufacturer of concrete pavers, and Defendant, Plaintiff's insurer. (Dkt. 1-1) Defendant issued a commercial general liability insurance policy to Plaintiff bearing policy number ACP GLPO 3057947839 for the period from November 5, 2021 to November 5, 2022 (the "Policy"). (Id., ¶ 6, Ex. A)

In March 2021, Plaintiff contracted with The Surf RV Resort LLC ("Surf RV") to provide interlocking concrete pavers to be used in connection with RV pads for an RV resort located in Palmetto, Florida. (Id., ¶ 12) Surf RV also hired a general contractor for the project, who was responsible for, among other tasks, performing earthwork, site preparation, and installing Plaintiff's pavers. (Id., ¶ 13–14) In October 2021, after the completion of the project, Surf RV discovered cracks in certain RV pads. (Id., ¶ 15) Surf RV then tested Plaintiff's pavers and concluded they did not meet the necessary comprehensive strength requirements, rendering them unfit for the project. (Id., ¶ 16) Surf RV then served Plaintiff with a Notice of Construction Defects pursuant to Florida Statue § 558.004 (the "558 Notice").

Plaintiff tendered the 558 Notice to Defendant seeking a defense pursuant to the Policy, and Defendant failed to provide a defense. Instead, Defendant issued a reservation of rights ("ROR") letter to Plaintiff stating that the ROR allowed Defendant to "investigate (or even defend) a claim to determine if coverage applies (in whole or in part) without waiving [its] right to later deny coverage &/or defense based on information revealed by the investigation." (Id., ¶ 23, Ex. C) Surf RV then served Plaintiff with a demand for arbitration, which Plaintiff tendered to Defendant. (Id., ¶¶ 25–30) In this correspondence, Plaintiff notified Defendant that it could no longer afford its defense and, should it be forced to proceed without representation, the arbitrator would enter an award by default against it. (Id., ¶ 30) Defendant failed to defend Plaintiff in the arbitration, and the arbitrator entered an award against Plaintiff

in the amount of $1,133,954.14. (Id., ¶¶ 31–32) Plaintiff then tendered the award to Defendant, and Defendant refused to take any actions on Plaintiff's behalf. (Id., ¶¶ 33–34) Surf RV then initiated a petition to confirm the arbitration award in state court. (Id., ¶¶ 35). Plaintiff tendered the petition to Defendant, and Defendant refused to provide a defense to the petition. (Id., ¶¶ 37–38)

As a result of the foregoing, Plaintiff initiated this action. Count I of Plaintiff's Complaint seeks a declaration that Defendant is required to defend Plaintiff in the state court proceedings seeking to confirm the arbitration award. (Id., ¶¶ 42–51) Count II brings a claim for breach of contract as a result of Defendant's failure to defend Plaintiff in response to the 558 Notice and the arbitration. (Id., ¶¶ 52–55) Finally, Count III brings a claim for bad faith pursuant to Florida common law for Defendant's failure to fairly and honestly perform its obligations under the Policy, including its failure to provide coverage to Plaintiff in response to the 558 Notice, the arbitration, and the petition. (Id., ¶¶ 57–61) Defendant moves to dismiss Count II and III of Plaintiff's Complaint.

## II.   LEGAL STANDARD

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a complaint must meet an exceedingly low threshold of sufficiency. Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A., 711 F.2d 989, 995 (11th Cir. 1983). A plaintiff must plead only enough facts to state a claim to relief that is plausible on its face. Bell Atlantic Corp. v.

Twombly, 550 U.S. 544, 560–64 (2007) (abrogating the "no set of facts" standard for evaluating a motion to dismiss established in Conley v. Gibson, 355 U.S. 41, 45–46 (1957)). Although a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff is still obligated to provide the "grounds" for his entitlement to relief, and "a formulaic recitation of the elements of a cause of action will not do." Berry v. Budget Rent A Car Sys., Inc., 497 F. Supp. 2d 1361, 1364 (S.D. Fla. 2007) (quoting Twombly, 550 U.S. at 545). In light of a motion to dismiss, to evaluate the sufficiency of a complaint a court must accept the well pleaded facts as true and construe them in the light most favorable to the plaintiff. Quality Foods, 711 F.2d at 994–95. However, the court should not assume that the plaintiff can prove facts that were not alleged. Id. Thus, dismissal is warranted if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue that precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989).

Dismissal may also be warranted under Rule 12(b)(1) if subject matter jurisdiction is lacking. Fed. R. Civ. P. 12. And a plaintiff must have standing for a court to have subject matter jurisdiction over an action. DiMaio v. Democratic Nat'l Comm., 520 F.3d 1299, 1301 (11th Cir. 2008); Carol King Landscaping Maint., Inc. v. Pizzella, No. 2:19-cv-453-FtM-99NPM, 2019 WL 4694534, at *3 (M.D. Fla. Sept. 26, 2019) ("Article III standing is a prerequisite to a federal court's exercise of subject-matter jurisdiction."). If jurisdiction is found to be lacking, the Court cannot proceed; its sole remaining duty is to state that it lacks jurisdiction and dismiss the case. United

States v. Amodeo, 916 F.3d 967, 971 (11th Cir. 2019).

### III. DISCUSSION

Defendant argues that Count II and III of Plaintiff's Complaint should be dismissed as premature because there has not yet been a determination of coverage in the underlying action. The Court addresses this argument with respect to each Count.

#### a. Count II – Breach of Contract

Defendant argues that Plaintiff's breach of contract claim is not ripe because the parties dispute whether the Policy provides coverage for the underlying claim. Thus, Defendant posits that until the coverage determination is made, it cannot be found that Defendant breached the Policy. Defendant cites no authority to support this argument. Plaintiff responds that the claim is ripe because the question of whether Defendant breached its duty to defend is not dependent on whether the policy ultimately provides coverage or indemnification for the claims against Plaintiff. Instead, the duty to defend (and thus, a breach of that duty) can be determined based on an analysis of the language in Surf RV's claims and the Policy. Plaintiff is correct.

A claim for breach of contract is not premature simply because a coverage determination has not yet been made. See Kendall Crane Serv. v. Wellington Spec. Ins. Co., No. 09-CIV-22961, 2010 WL 11505822, at *2 (S.D. Fla. Jan. 13, 2010) (claim for breach of duty to defend claim was not premature even though coverage determination was not yet ripe); Benyo v. Ion Ins. Co., No. 1:24-cv-20963-KMM, 2024 WL 5126010, at *2–3 (S.D. Fla. June 14, 2024) (denying motion to dismiss breach of contract claim as premature and permitting breach of contract claim to proceed

5

alongside claim for declaratory relief); Commerce & Industry Ins. Co. v. Apogee Leasing, Inc., No. 08-CIV-22581, 2009 WL 10669077, at *3 (S.D. Fla. Aug. 14, 2009) (same); Holmes v. GEICO Indem. Co., No. 3:12-cv-271, 2012 WL 12902911, at *4 (M.D. Fla. Nov. 5, 2012) (the defendant's argument that the breach of contract claim was not ripe until coverage determination had been made "warrant[ed] little discussion" because "whether the Policy was in effect and provided coverage for the [underlying litigation was] precisely the issue to be resolved in the breach of contract claim"); see also Lynn v. Sec. Ins. Co. of Hartford, No. 3:06-CV-217, 2006 WL 1889985, at *1 (N.D. Fla. July 10, 2006) (staying a bad faith claim pending resolution of the underlying coverage dispute encompassed by the plaintiff's breach of contract claim).

Indeed, courts necessarily resolve questions over the applicability of a contract in the context of a claim for breach of contract. See, e.g., Kelly v. Walt Disney Parks & Resorts, Inc., No. 6:22-cv-1919-RBD-DCI, 2023 WL 5804197, at *2 (M.D. Fla. Aug. 23, 2023) (denying motion to dismiss breach of contract claim because the "inquiry into whether the contracts at issue contained integration clauses, and the subject matter covered by those contracts" was more appropriate for resolution by summary judgment); Perez v. Sears Life Ins. Co., No. 12-23535-CIV, 2013 WL 12092092, at *2 (S.D. Fla. Jan. 29, 2013) (breach of contract claim was adequately plead because plaintiff alleged her husband's death was accidental "and hence covered by the contract"); see also Carretta v. Royal Caribbean Cruises Ltd., 343 F. Supp. 3d 1300, 1303 (S.D. Fla. 2018) (grating motion to dismiss plaintiff's statutory claim

6

because the plaintiff's ticket contract applied to the dispute and precluded the relief). If the rule were as Defendant suggests, it would lead to the illogical result that no breach of contract claim could proceed without the plaintiff first seeking a declaration that the contract applied to the dispute. Indeed, courts in the Eleventh Circuit frequently permit claims for breach of contract to proceed alongside claims for declaratory relief. See Harding v. Fed. Ins. Co., No. 6:24-cv-1177-JSS-EJK, 2024 WL 4710170, at *3 n.2 (M.D. Fla. Nov. 7, 2024) (compiling cases).

Accordingly, the Court finds that Plaintiff's claim for breach of contract is not premature. As a result, Defendant's request to dismiss Count II is **DENIED**.

    **b. Count III – Common Law Bad Faith**

Defendant next argues that Plaintiff's bad faith claim is premature because, pursuant to Florida law, a bad faith claim does not accrue until there has been a determination of coverage in the underlying action. Defendant is correct. See Blanchard v. State Farm Mut. Auto. Ins. Co., 575 So. 2d 1289, 1291 (Fla. 1991) (explaining that "an insured's underlying first-party action for insurance benefits against the insurer necessarily must be resolved favorably to the insured before the cause of action for bad faith can accrue"); see also Fridman v. Safeco Ins. Co. of Ill., 185 So. 3d 1214, 1221 (Fla. 2005) (stating that "first-party bad faith claims . . . should be treated in the same manner as third-party bad faith claims."); Hartford Cas. Ins. Co. v. Gage, No. 8:22-cv-2205-KKM-MRM, 2023 WL 10083597, at *2 (M.D. Fla. Apr. 28, 2023) ("Until it is clear that the insurer should have paid and how much, the insurer cannot be said to have acted in bad faith by refusing to do so.").

7

Plaintiff agrees that bad faith claims generally do not accrue until the issue of coverage has been determined. Plaintiff seeks a limited exception to this principle where, as here, the insurance company has refused to defend its insured. (Dkt. 11 at 4) (citing Auto-Owners Ins. Co. v. Am. Yachts, Ltd., 492 F. Supp. 2d 1379, 1384 (S.D. Fla. 2007) ("[I]f the insurer completely refuses to defend the insured in the underlying litigation and the insured is forced to undertake his own defense and then settles the case, the insured can sue for reimbursements regardless of whether an excess judgment has been entered."), aff'd, 271 F. App'x 888 (11th Cir. 2008); Thomas v. W. World Ins. Co., 343 So. 2d 1298, 1304 (Fla. 2d DCA 1977) (allowing a claim to proceed where the carrier "wrongfully refused to comply with its contract to provide a defense on behalf of its insureds")).

Plaintiff's argument is unpersuasive and does not find support in the cited cases. Where liability has not been finally determined, a bad faith claim cannot lie. See Gage, 2023 WL 10083597, at *3 ("Florida law requires at least an allegation that liability and damages have been finally determined in some way. Here, the judgment is on appeal, so the bad-faith claim is premature."); Klarenbeek v. GEICO Gen. Ins. Co., No. 6:23-cv-1085-PGB-RMN, 2023 WL 7383262, at *2 (M.D. Fla. Nov. 7, 2023) ("[T]he Eleventh Circuit ruled decades ago that the appellate process must be complete before a statutory bad faith claim is ripe—since an appeal could ultimately change the damages total.") (citing Romano v. Am. Cas. Co. of Reading, 834 F.2d 968, 970 (11th Cir. 1987)). Plaintiff's bad faith claim is not ripe and will not move forward at this time.

Plaintiff argues that, if the Court finds the bad faith claim to be unripe, abatement—not dismissal—is the proper remedy. While abatement might be the preferred remedy in Florida state courts,[1] federal courts are courts of limited jurisdiction and are bound by the "case and controversy" requirement of Article III of the U.S. Constitution, which prevents federal courts from adjudicating cases that are unripe. See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 352 (2006) ("The doctrines of mootness, ripeness, and political question all originate in Article III's 'case' or 'controversy' requirement."); U.S. Const. art. III, § 2. "Because the bad-faith allegation ripens into a justiciable claim only after the establishment of [Defendant's] liability—an event that might not occur—Article III prohibits adjudicating the action at this time." Merique v. Progressive Select Ins. Co., No. 8:17-cv-1937, 2017 WL 4410186, at *1 (M.D. Fla. Oct. 4, 2017). Pratt v. LM Gen. Ins. Co., 776 F. Supp. 3d 1162, 1167 (M.D. Fla. 2025) ("In light of this reality, and acknowledging the legitimate subject matter jurisdiction concerns raised by Defendant and other courts in the Middle District over the last decade, it is appropriate for the Court to breach from its precedent and dismiss the unripe bad faith claim[.]").

Because Plaintiff's claim for bad faith is not ripe, Defendant's request to dismiss Count III is **GRANTED**.

## IV. CONCLUSION

Accordingly, it is hereby **ORDERED**:

---

[1] See Fridman, 185 So. 3d at 1230 (holding that "abatement is an appropriate procedural device" for handling unripe bad faith claims).

9

1. Defendant Allied Property & Casualty Insurance Company's Motion to Dismiss Counts II and III of Plaintiff's Complaint, (Dkt. 6), is **GRANTED IN PART and DENIED IN PART**. The Motion is **DENIED** as to Count II and **GRANTED** as to Count III.

2. Count III of Plaintiff's Complaint, (Dkt. 1-1), is **DISMISSED WITHOUT PREJUDICE**.

**DONE** and **ORDERED** in Tampa, Florida this 16th day of September 2025.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Party